**Roger Dale CURRY et al., Petitioners,**

v.

**Samuel P. GARRISON, Warden, Central Prison, Respondent.**

**No. C–C–76–57.**

United States District Court, W. D. North Carolina, Charlotte Division.

Nov. 30, 1976.

---

**110**

Larry L. Eubanks, Winston-Salem, N. C., Michael G. Plumides, and Jerry W. Whitley, Charlotte, N. C., for petitioners.

Richard N. League, Asst. Atty. Gen. of N. C., Raleigh, N. C., for respondent.

ORDER

McMILLAN, District Judge.

Respondent moves to dismiss on the basis of *Stone v. Powell,* —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), which held that a state prisoner was not entitled to federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim."

Rather than spell out what constitutes a "full and fair opportunity" to litigate, the Court referred in a footnote to the case of *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), which created the standards that determine what habeas claims must receive an evidentiary hearing.

The *Townsend v. Sain* standards provide substantial guidance because the considerations underlying them are much the same as those which should govern decisions about the "fullness and fairness" of opportunities to litigate search and seizure claims in the state courts.

Petitioners' attorneys in their state court proceedings have submitted affidavits which show that, despite counsel's requests, petitioners were never afforded an opportunity to develop facts material to the claim of illegal search and seizure. It also ap-

pears from the record that no state court made findings of fact on the issue.

Therefore, respondent's motion to dismiss is denied.

The court requests the Clerk to set a date for an evidentiary hearing at which the petitioners may present their claims of unconstitutional search and seizure.